ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 5:04MC074 |
| ) | |
| VALLEY CITY STEEL, LLC, ) | |
| ) | JUDGE JOHN R. ADAMS |
| Debtor, ) | |
| ) | MEMORANDUM OF OPINION |
| VALLEY CITY STEEL, LLC, ) | AND ORDER |
| ) | [RESOLVING DOC. 1] |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHILOH INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN RE: ) | CASE NO. 5:04MC075 |
| ) | |
| VALLEY CITY STEEL, LLC, ) | |
| ) | JUDGE JOHN R. ADAMS |
| Debtor, ) | |
| ) | MEMORANDUM OF OPINION |
| VALLEY CITY STEEL, LLC, ) | AND ORDER |
| ) | [RESOLVING DOC. 1] |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHILOH INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  5:04MC076 |
| | ) | |
| VALLEY CITY STEEL, LLC, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Debtor, | ) | |
| | ) | MEMORANDUM OF OPINION |
| VALLEY CITY STEEL, LLC, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 1] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHILOH INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.  5:04MC077 |
| | ) | |
| VALLEY CITY STEEL, LLC, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Debtor, | ) | |
| | ) | MEMORANDUM OF OPINION |
| VALLEY CITY STEEL, LLC, | ) | AND ORDER |
| | ) | [RESOLVING DOC. 1] |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHILOH INDUSTRIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| IN RE: ) | CASE NO. 5:04MC079 |
| ) | |
| VALLEY CITY STEEL, LLC, ) | |
| ) | JUDGE JOHN R. ADAMS |
| Debtor, ) | |
| ) | MEMORANDUM OF OPINION |
| VALLEY CITY STEEL, LLC, ) | AND ORDER |
| ) | [RESOLVING DOC. 1] |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHILOH INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

These actions are before the Court upon:

Defendant Liverpool Coil Processing, Inc's ("Liverpool Coil") unopposed Motion to Withdraw the Reference (Doc. 1) filed in Case No. 5:04MC074;

Defendant VCS Properties LLC's ("VCS") unopposed Motion to Withdraw the Reference (Doc. 1) filed in Case No. 5:04MC075;

Defendant Sectional Stamping Inc.'s (t/d/b/a Shiloh Industries Inc. Wellington Stamping Division) ("Sectional Stamping") unopposed Motion to Withdraw the Reference (Doc. 1) filed in Case No. 5:04MC076;

Defendant Shiloh Corporation's unopposed Motion to Withdraw the Reference (Doc. 1) filed in Case No. 5:04MC077; and

Defendant Shiloh Industries, Inc.'s unopposed Motion to Withdraw the Reference (Doc. 1) filed in Case No. 5:04MC079. For good cause shown, the motions will be granted.

3

I. PROCEDURAL HISTORY

On November 27, 2002, a voluntary petition for relief in a case under Title 11 of the United States Code (the "Bankruptcy Code") was filed by Valley City Steel, LLC ("Valley City") in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 02-55516. On July 13, 2004, Valley City commenced an adversary proceeding against, *inter alia*, Liverpool Coil, VCS, Sectional Stamping, Shiloh Corporation, and Shiloh Industries in the bankruptcy court, being Case No. 04-05111. Valley City, as a debtor in possession, seeks to recover certain alleged fraudulent transfers under Ohio Rev. Code §§ 1336.04(A)(2)(a) and (b) and 11 U.S.C. §§ 544(b) and 550 in Counts I through III of the seven-count complaint. In Counts I and II, the plaintiff alleges that the defendants engaged in acts constituting constructive fraudulent transfer pursuant to Ohio Rev. Code § 1336.04(A)(2)(a). In Count III, the plaintiff seeks the recovery of those transfers pursuant to 11 U.S.C. §§ 544(b) and 550. Count IV through VII are for breach of contract. On August 25, 2004, Liverpool Coil, VCS, Sectional Stamping, Shiloh Corporation, and Shiloh Industries filed Answers with jury demands and the within Motions to Withdraw the Reference to the United States District Court. Counsel for Valley City is the same in all of the above-entitled cases on the miscellaneous docket, and in each of the cases the movants are represented by the same attorney.

II. CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated. . . ." Pursuant to Rule 42(a), a district court may order consolidation *sua sponte*.

*See, e.g.*, *Devlin v. Transp. Communications Int'l Union,* 175 F.3d 121, 130 (2d Cir.1999).  The Court finds that the economy and convenience of the Court and of the parties will be best served if the above-entitled actions are consolidated pursuant to Rule 42(a).

Here, Liverpool Coil, VCS, Sectional Stamping, Shiloh Corporation, and Shiloh Industries have asserted virtually identical arguments regarding withdrawal of the reference without opposition from Valley City.  Under these circumstances, efficiency concerns vastly outweigh any risk of confusion or prejudice.  Based on the foregoing, Case No. 5:04MC074, Case No. 5:04MC075, Case No. 5:04MC076, Case No. 5:04MC077, and Case No. 5:04MC079 will be consolidated. *See In Re Cannonsburg Environmental Associates, Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996).

III. WITHDRAWAL OF THE REFERENCE

The two grounds asserted for withdrawal of the adversary proceeding to this Court are:  (1) the movants have a right to a jury trial in this action and do not consent to the bankruptcy court conducting a jury trial; and (2) this adversary proceeding is a non-core proceeding (*i.e.,* an action that does not depend on bankruptcy laws for its existence and that could proceed in another court).  A bankruptcy court can only conduct jury trials with the consent of all of the parties. Local Bankruptcy Rules 9015-1 and 9015-2.  Bankruptcy Judge Marilyn Shea-Stonum previously found that Counts I through III are core proceedings. *See* Opinion Re:  Arbitrability of Claims at 3.[1]

---

[1] The parties have agreed to dismiss the appeal to this Court from that ruling. *See Shiloh Industries, Inc., et al. v. Valley City Steel, LLC*, Case No. 5:05CV1513 (N.D. Ohio June 17, 2005).

5

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The Bankruptcy Code does not define cause. Consequently, courts have developed a non-exhaustive list of factors to consider in determining whether cause exists. "These factors include promoting judicial economy, providing uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, and providing for a party's request for a jury trial." *Pollack, et al. v. ASEA Brown Boveri, Inc., et al.*, Case No. 5:03MC0112, slip op. at 3 (N.D. Ohio Jan. 9, 2004) (Gwin, J.), citing *Holland America Insurance Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). "If one or more of these factors is present, the court may find that cause exists to withdraw the matter." *United States v. Kaplan*, 146 B.R. 500, 504 (D.Mass. 1992).

"The bankruptcy judges of the Northern District of Ohio are specially designated to conduct jury trials pursuant to 28 U.S.C. § 157(e)." Local Bankruptcy Rules 9015-1(a). Absent such designation by the district court or the consent of the parties, bankruptcy courts within the Sixth Circuit do not have the authority to conduct jury trials. *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172-73 (6th Cir. 1992). Since the bankruptcy court may not conduct a jury trial without the consent of all of the parties, "'cause' to withdraw the reference automatically exists in cases where the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment." *In re Americana Expressways, Inc.*, 161 B.R. 707, 709 (D.Utah 1993).

IV. CONCLUSION

Case No. 5:04MC074, Case No. 5:04MC075, Case No. 5:04MC076, Case No. 5:04MC077, and Case No. 5:04MC079 are hereby consolidated.

The Motions of Liverpool Coil (Doc. 1 filed in Case No. 5:04MC074), VCS (Doc. 1 filed in Case No. 5:04MC075), Sectional Stamping (Doc. 1 filed in Case No. 5:04MC076), Shiloh Corporation (Doc. 1 filed in Case No. 5:04MC077), and Shiloh Industries (Doc. 1 filed in Case No. 5:04MC079) to Withdraw the Reference are GRANTED.

The Clerk of Court shall docket the within Memorandum of Opinion and Order in Case No. 5:04MC074, Case No. 5:04MC075, Case No. 5:04MC076, Case No. 5:04MC077, and Case No. 5:04MC079; and terminate the miscellaneous cases. Furthermore, the Clerk is instructed to open a single civil case and assign a civil case number to this adversary proceeding. Henceforth, all pleadings and other papers for this action shall only be filed in and docket entries shall only be made in the civil case.

IT IS SO ORDERED.

| | |
|---|---|
| August 2, 2005 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |